# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANNON D. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-456-M |
| ) | |
| OFFICER VALAZAIR, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION TO DISMISS
## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by Chief United States District Judge Vicki Miles-LaGrange for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

For the reasons set forth below, it is recommended that Plaintiff's Second Amended Complaint [Doc. No. 20] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

## I. CASE BACKGROUND / PROCEDURAL HISTORY

In a Report and Recommendation [Doc. No. 15] entered November 20, 2014, Magistrate Judge Charles Goodwin, to whom this case was previously referred, recommended dismissal of Plaintiff's Amended Complaint [Doc. No. 8] without prejudice to refiling.[1] The Magistrate Judge determined Plaintiff had failed to state a claim under 42 U.S.C. § 2000cc, a provision of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). He also determined that Plaintiff failed to state a violation of his rights under the First Amendment's Free

---

[1] The case referral was subsequently transferred to the undersigned.

Exercise Clause, assuming, without deciding, that such a claim is actionable under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In support, the Magistrate Judge found that Plaintiff provided "no factual allegations regarding his religious beliefs and does not even specify his religion." *See* Report and Recommendation at p. 10. Therefore, the Court found he "provided insufficient factual support for the Court to rationally and plausibly conclude that he is a sincere adherent of a religious tenet that restricts his diet . . . ." *Id*.

In addition, the Magistrate Judge found that Plaintiff did not provide sufficient factual allegations to establish that Defendants Valle, Valazair and Calwin substantially burdened Plaintiff's religious beliefs. *Id*. at pp. 11-16. Further, the Magistrate Judge found that Plaintiff had failed to state a claim against Defendant Warden Kastener because he provided no factual allegations as to Defendant Kastener's involvement in any violation of his constitutional rights. *Id*. at pp. 16-17. Finally, as to Defendant Food Service Administrator Self, the Magistrate Judge determined that Plaintiff's allegations failed to demonstrate that Defendant Self was even aware of Plaintiff's dietary requests for a "common fare" and "no meat" diet. *Id*. at pp. 17-18.

The Magistrate Judge also recommended that to the extent Plaintiff brought official capacity claims against the Defendants for monetary relief, those claims should be dismissed on grounds of sovereign immunity. *Id*. at p. 19. With respect to Plaintiff's claims for injunctive relief, the Magistrate Judge recommended those claims be denied as moot because Plaintiff was no longer incarcerated at the Federal Transfer Center (FTC), in Oklahoma City, where the

complained of wrongs occurred, nor did he allege a likely prospect of being incarcerated there again. *Id*. at pp. 19-20.[2]

The District Judge adopted the recommendation, but granted Plaintiff leave to file a Second Amended Complaint. *See* Order [Doc. No. 17].[3] The District Judge also entered an order granting Plaintiff's motion for order to allow Plaintiff to file the proposed amended complaint as the actual amended complaint. *See* Order [Doc. No. 19]. The Court specifically instructed the Court Clerk "to file plaintiff's proposed amended complaint [docket no. 16-1] as plaintiff's Second Amended Complaint." *Id*. In compliance with this Order, the Court Clerk then filed the "proposed amended complaint" as Plaintiff's Second Amended Complaint [Doc. No. 20]. The Court now reviews the Second Amended Complaint.

## II.     PLAINTIFF'S CLAIMS

Plaintiff identifies the following Defendants in the Second Amended Complaint: Officer Valle, Officer Valazair, Lieutenant Calwin and Self.[4] Plaintiff alleges that he sues Defendants Valle, Valazair and Calwin in their individual capacities under *Bivens* for violations of his rights under the First Amendment. *See* Second Amended Complaint at p. 6 ("As with all officers, Officer Valazair is being sued in his individual capacity under the First Amendment."); *see also*

---

[2] At the time Plaintiff commenced this action, he was incarcerated at USP Beaumont in Beaumont, Texas where he currently remains.

[3] Based on a review of the Second Amended Complaint, it appears that Plaintiff knew or should have known of the facts alleged at the time his prior complaint was filed and is now impermissibly using the Second Amended Complaint as a "moving target." *See Minter v. Prime Equip. Co*., 451 F.3d 1196, 1206 (10th Cir. 2006).

[4] Although Plaintiff previously brought claims against Warden Paul Kastener, Plaintiff omits any reference to Warden Kastener in the Second Amended Complaint. As noted, the claims against Defendant Kastener as alleged in the Amended Complaint were previously dismissed on grounds Plaintiff failed to allege Defendant Kastener's involvement in any violation of Plaintiff's constitutional rights. *See* Report and Recommendation at pp.16-17.

*id.* at p. 9 ("Plaintiff is suing officers Valle and Valazair, Lt. Calwin in their individual capacities pursuant to *Bivens* as the basis for his monetary damages claims . . . ").[5]

Plaintiff further seeks injunctive relief. He alleges that a policy implemented by Defendant Self substantially burdens Plaintiff's religious exercise. *Id*. at pp. 9-10.

Finally, Plaintiff alleges that he "may" state a claim upon which relief may be granted under 42 U.S.C. § 2000bb-1 of the Religious Freedom Restoration Act (RFRA). *See id.* at p. 2. Plaintiff does not, however, identify the Defendants against whom such a claim might be brought or otherwise set forth the facts upon which he relies in support of such a claim.

### III.  SCREENING OF COMPLAINT – GOVERNING STANDARD

Where, as here, a prisoner is proceeding in forma pauperis, the court must dismiss the case if, at any time, the court determines the action fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, the court has a duty to screen a complaint in a civil action where a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity and must dismiss any portion of the complaint that fails to state a claim upon which relief may be granted. *See id*., § 1915A(b)(2).

The court's review of a complaint under § 1915(e)(2)(B)(ii) and § 1915A(b)(1) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the

---

[5] Citations to Plaintiff's Second Amended Complaint will refer to this Court's CM/ECF pagination.

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## IV. ANALYSIS

### A. *Bivens* Claims – First Amendment Rights[6]

The First Amendment grants prisoners the reasonable opportunity to pursue their sincerely-held religious beliefs. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). What constitutes a reasonable opportunity is determined in reference to legitimate penological interests. *Id*.

To state a claim premised on a violation of a prisoner's free-exercise rights, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs." *Id*. Additionally, a prisoner must allege "conscious or intentional interference with his free-exercise rights. *Id*.

---

[6] Again, the Court will assume, without deciding, whether a *Bivens* claim premised on a violation of First Amendment rights is actionable. *See e.g. Hale v. Federal Bureau of Prisons*, No. 14-cv-00245-MSK-MJW, 2015 WL 5719649 at *11 (D. Colo. Sept. 30, 2015) (unpublished op.) (addressing issue, noting that "there is no hard and fast categorical ban against *Bivens* relief from First Amendment violations by individual actors" and assuming without deciding that such relief might be available).

5

### 1. Sincerely-Held Religious Belief

Plaintiff alleges that he is Muslim and his religion is Al-Islaam. He further alleges that pursuant to the tenets of his religion, "it is mandatory to eat halaal/kosher meals." *See* Second Amended Complaint at p. 3. It is well-established that "prisoners have a constitutional right to a diet conforming to their religious beliefs." *Beerhide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002). Therefore, the Court assumes, without deciding, that Plaintiff has alleged facts sufficient to show a sincerely-held religious belief.

### 2. Substantial Burden

However, to state a claim under *Bivens*, Plaintiff must further allege facts showing that a particular action by a particular defendant "substantially burdened his sincerely-held religious beliefs." *Gallagher*, 587 F.3d at 1069 (citation and internal quotations omitted). To meet this pleading burden, Plaintiff may not rely on "isolated acts of negligence" but instead must show "pervasive violations of [his] right to free exercise of religion." *Id*. As stated, Plaintiff alleges that he brings individual capacity claims pursuant to *Bivens* against Defendants Valle, Valazair and Calwin for violations of his First Amendment rights. Plaintiff sets forth separate allegations as to each of these Defendants. The Court reviews the sufficiency of those allegations.

#### a. Defendant Valle

The Court first addresses the allegations Plaintiff previously made against Defendant Valle in the First Amended Complaint -- allegations the Court determined were insufficient to state a claim under *Bivens* for a violation of Plaintiff's First Amendment rights -- because those allegations are substantially the same as the present allegations. The Magistrate Judge summarized Plaintiff's allegations as follows:

> Mr. Williams asserts that, although he informed Officer Valle on January 18, 2014, of his eligibility for a common fare diet as confirmed by religious services

personnel, Officer Valle 'refused' 'to contact Food [S]ervices to update their list to include [Mr. Williams] on common fare.' At lunchtime that day, Officer Valle 'did not have [a common fare tray] for [Mr. Williams]'; 'refused' to provide Mr. Williams with a 'no meat tray'; and 'told [Mr. Williams] to take a regular tray.' Mr. Williams asserts that he twice requested for Office Valle to summon a lieutenant and to note Mr. Williams' refusal to accept a regular lunch tray. Officer Valle 'refused' Mr. Williams' initial requests, and, after the requests were repeated, Officer Valle involved two other officers, neither of whom was a lieutenant. Mr. Williams does not describe any further conduct by Officer Valle and, specifically, does not allege that Officer Valle was directly involved in any subsequent denial of religious meals to Mr. Williams.

*See* Report and Recommendation at pp. 11-12 (citations omitted).

With respect to these allegations, the Magistrate Judge found as follows:

Mr. Williams does not explain why he requested that Officer Valle contact Food Services, rather than contacting Food Services himself (as Mr. William acknowledges he was instructed to do). Mr. Williams does not allege that Officer Valle had the independent authority to approve religious meals. Thus, with respect to Officer Valle's alleged refusal of a common fare tray for Mr. Williams on January 18, 2014, Mr. Williams does not distinguish between conduct taken for legitimate and nonactionable reasons (i.e., maintenance of an orderly cafeteria process by denying special meals absent prior approval) and conduct taken for improper and actionable reasons (i.e., conscious or intentional interference with a religious diet).

*See* Report and Recommendation at p. 12 (citations omitted). The Magistrate Judge concluded that the allegations failed to state a plausible claim for relief. In addition, the Magistrate Judge found that Plaintiff failed to "provide factual allegations that would elevate his circumstance above the temporal denial of a special diet pending approval by authorized personnel." *Id*. at p. 13 (citations omitted). The Magistrate concluded that "[t]his type of isolated action, without more, is insufficient to establish that Officer Valle substantially burdened Mr. Williams' sincerely[-] held religious beliefs." *Id*. (citations omitted).

In the Second Amended Complaint, Plaintiff now alleges that he asked Officer Valle to 1) place him in a cell with a Muslim; and 2) ensure that Plaintiff receive a common fare tray.

7

*See* Second Amended Complaint at p. 4.[7] He further alleges that Defendant Valle responded as follows:

> Officer Valle did not: (1) contact food services to ensure that Plaintiff be fed. (2) refused to contact an Lt. to ensure that Plaintiff be fed. (3) he did consciously and intentionally interfere with Plaintiff's religious diet. (4) he did not have any reason related to legitimate penological interests in refusing that Plaintiff receive his religious diet.

*Id.* at p. 5.

Plaintiff's claims against Defendant Valle as alleged in the Second Amended Complaint are deficient for substantially the same reasons as were the claims raised in the prior complaint. The only new allegations are that Officer Valle "refused to ensure Plaintiff ate even after having evidence of Plaintiff's common fare status" and left Plaintiff "unfed from 1-18-2014 thru 1-21-2014, whereafter he was coerced to accept a regular tray . . . ." *Id*. But Plaintiff does not allege that throughout this time period he continually asked Officer Valle for a common fare tray and Officer Valle refused to feed Plaintiff. Instead, Plaintiff's allegation is based on his contact with Officer Valle on January 18, 2014.[8]

Plaintiff's other new allegations that Defendant Valle "consciously and intentionally" interfered with Plaintiff's religious diet and such conduct was not "related to legitimate penological interests," likewise are insufficient to state a plausible claim for relief. "[T]he tenent

---

[7] Plaintiff includes no other allegations concerning his request to be placed in a cell with a Muslim. The Court construes this allegation as merely in furtherance of demonstrating the sincerity of his religious beliefs and not as an independent claim for relief.

[8] To this end, Plaintiff references allegations made in the prior complaint and states that "he did in fact allege that all defendants did substantially burden his religion. *See* Second Amended Complaint at p. 3. He states "see page 4 attached." *Id*. Although he did not, in fact, attach page four, he clearly intended to do so. Page four contains all the factual allegations addressed by the Magistrate Judge in concluding Plaintiff had failed to state a claim upon which relief may be granted. *See* Amended Complaint at p. 4.

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. For all these reasons, the Court finds that Plaintiff has not alleged facts sufficient to state a plausible claim for relief against Defendant Valle under *Bivens* for alleged violations of his free exercise rights.

### b. Officer Valazair

Plaintiff alleges that Defendant Valazair refused to call food services or a lieutenant to "rectify the matter of [his] religious diet." *See* Second Amended Complaint at p. 6. He alleges he asked Defendant Valazair for a "no meat tray" but he refused to assist in that request. *Id*. Although he alleges that Officer Valazair "threatened" Plaintiff with consequences for continuing to ask Officer Valle to inform food services about his request for a special diet, those conclusory allegations fail to establish a substantial burden on Plaintiff's free exercise of his religious beliefs.[9] As with Plaintiff's prior complaint, the Second Amend Complaint does not contain factual allegations sufficient to show that Defendant Valazair's conduct was more than an isolated act of negligence. *See Gallagher*, 587 F.3d at 1070; *see also* Report and Recommendation at p. 14. Accordingly, Plaintiff's claims against Defendant Valazair should be dismissed for failure to state a claim upon which relief may be granted.

---

[9] Although Plaintiff omits date references in the Second Amended Complaint, as discussed supra at footnote 8, he references the allegations from the Amended Complaint and, specifically, page four of the Amended Complaint which identifies the conduct of Defendant Valazair as occurring on January 18, 2014. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference," as well as "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." (citations and internal quotation marks omitted)).

c.  **Lieutenant Calwin**

Plaintiff alleges that he complained to Lieutenant Calwin concerning his religious meal and apprised him of the fact that he had eaten "only once during January 18-21, 2014." *See* Second Amended Complaint at p. 7. He alleges Defendant Calwin "refused to either find some alternative or provide Plaintiff with a 'no meat' tray" and that "Plaintiff was forced to ultimately eat a regular tray in violation of his religion." *Id*. Plaintiff alleges that "at the least" Defendant Calwin could have instructed Food Services to provide him with a no meat meal but that Defendant did nothing to accommodate Plaintiff's dietary needs. *Id*. at p. 8. As with prior similar allegations brought by Plaintiff against Defendant Calwin, Plaintiff does not allege facts sufficient to demonstrate that Lieutenant Calwin violated Plaintiff's First Amendment rights. Significantly, Plaintiff fails to allege any facts demonstrating he requested religious accommodation through the proper prison procedure. Certainly he does not allege that Defendant Calwin (or any other named Defendant) was the officer having the requisite authority to approve a religious diet.[10]

d.  **The Facts Alleged Demonstrate Only a De Minimis Burden on Plaintiff's Religious Exercise**

In addition to Plaintiff's failure to establish any particular Defendant substantially burdened his religious exercise, the Court further recommends dismissal of Plaintiff's First Amendment claim as alleging only a de minimis burden, even when considering the allegations collectively. Plaintiff alleges that he was denied a religious meal during a four-day time span, but he does not allege with specificity how many times during those four days he requested such a meal. The Tenth Circuit has found that "the denial of three religious meals in one day" was

---

[10] Indeed in his prior complaint, Plaintiff alleged that Defendant Calwin explained to Plaintiff why his status could not be immediately updated and then invited Plaintiff to use the grievance process. *See* Report and Recommendation at p. 16 (reciting allegations).

10

"de minimis" and did not support a claim under *Bivens* for a violation of a prisoner's First Amendment rights. *See Watkins v. Donnelly*, 551 F. App'x 953, 960 (10th Cir. 2014). Although in *Watkins*, the prisoner alleged he was denied three religious meals all in one day and here, Plaintiff alleges he was without a religious diet for a period of approximately four days, these instances remain sporadic. *See Malipurathu v. Johnson*, No. 13-CV-396-JHP-PJC, 2014 WL 1883890 at *7 (N.D. Okla. May 12, 2014) (unpublished op.) (collecting cases from district courts in the Tenth Circuit addressing "whether a plaintiff alleged only sporadic incidents of constitutional violations or alleged facts sufficient to show a substantial burden necessary for the claim to survive a motion to dismiss").[11]

---

[11] The court summarized these cases as follows:

> In *Hachmeister v. Kline*, 2013 WL 237815 (D. Kan. Jan. 22, 2013), the court dismissed the complaint because plaintiff alleged sporadic incidents where he was denied halal meals only a few times. This was insufficient to create a substantial burden on his religious practice. In *Hemphill v. Jones*, 2012 WL 7059643 (W.D. Okla. Oct. 31, 2012), the plaintiff alleged he was denied a vegetarian "non-pork/non-beef" meal on four occasions. The district court found this was a de minimus [sic] burden on plaintiff's religious exercise and, therefore, plaintiff failed to state a claim. In *Watkins v. Rogers*, 2012 WL 5362202 (W.D. Okla. Sept. 28, 2012), the plaintiff alleged he was deprived of four religious meals over a two-day period after he arrived at the Federal Transfer Center in Oklahoma City, Oklahoma. The district court found no support for the claim that the deprivation created a substantial burden on the exercise of plaintiff's belief and dismissed the claim.

*Id*. This Court further notes that in *Watkins*, cited above, the Tenth Circuit affirmed the district court's dismissal. *See Watkins v. Rogers*, 525 F. App'x 756 (10th Cir. 2013). The prisoner's allegations included the following: "Lieutenant Rogers refused to serve Watkins a common fare dietary religious meal and refused Watkins's request for an alternative vegetarian meal. Instead, Lieutenant Rogers told Watkins that he must eat the regular general population meal that was given to him. Due to his religious beliefs, Watkins ate nothing at dinner on September 5." *Id*. at 758. Those allegations are substantially similar to the allegations made by Plaintiff in the Second Amended Complaint.

Moreover, Plaintiff does not allege that any one Defendant was responsible for the denial of those meals throughout the four-day period. *Compare Free v. Garcia,* No. CIV-13-48-F, 2014 WL 798011 at *7 (W.D. Okla. Feb. 27, 2014) (Report and Recommendation) (concluding that prisoner failed to state violation of First Amendment rights where prisoner alleged "a range of dates on which he did not receive his religious diet" but included "no statement from which it [could] be concluded that Defendant Lawrence or Garcia was involved on more than one date each"). Accordingly, it is further recommended that Plaintiff's claims be dismissed on grounds Plaintiff alleges facts demonstrating nothing more than a de minimis burden on his religious exercise.

### B. Claim for Injunctive Relief

Under the heading "Claims for injunctive relief," Plaintiff alleges that the "policy implemented by 'Self' caused Plaintiff an injury[.]" *See* Second Amended Complaint at pp. 9, 10. A federal prisoner may bring a claim for injunctive relief against federal prison officials in their official capacities for alleged constitutional violations. *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1233, 1236 (10th Cir. 2005). Plaintiff does not expressly state that he is suing Defendant Self in his official capacity but because he seeks injunctive relief, the Court applies a liberal construction and construes Plaintiff's allegations as brought against Defendant Self in his official capacity.

Plaintiff includes no other allegations against Defendant Self nor does he identify with any specificity the challenged policy or the actions taken by Defendant Self. He merely states that "the policy" requires an inmate be on an "updated list" and that the "wrongful action" of Defendant Self resulted in "some actual or threatened injury." *See* Second Amended Complaint

at p. 10. On this basis alone, dismissal of Plaintiff's claim for injunctive relief is warranted as his allegations are far too conclusory .

Moreover, as also set forth in the Magistrate Judge's prior Report and Recommendation, Plaintiff's transfer from the FTC moots his claim for injunctive relief. *See* Report and Recommendation at pp. 19-21; *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010).[12] To counter any mootness issue, Plaintiff now alleges that in the last twelve years of his imprisonment he has been transferred only twice, but that each time he has been transferred to the FTC. Plaintiff alleges that: "[j]udicia[l] inquiry is necessary in this matter to prevent an injustice where anyone who bring[s] a claim for injunctive relief against a policy implemented at FTC Oklahoma will not remain at Oklahoma to bring a 'live' controversy if that person is a transfer inmate." *See* Second Amended Complaint at p. 10.

"In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Abdulhaseeb*, 600 F.3d at 1311 (citation and quotation marks omitted). Plaintiff's allegations suggest that he attempts to fit within [t]he narrow capable-of-repetition exception to the mootness doctrine[.]" *McApline v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999). But this exception applies only "where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Id.* at 1216 (citation and internal

---

[12] It is "entirely permissible" for the Court to address the issue of mootness sua sponte. *Stephens v. Jones*, 494 F. App'x 906, 911 n. 1 (10th Cir. 2012).

quotations omitted). The exception "is only to be used in exceptional circumstances." *Jordan v. Sosa*, 654 F.3d 1012, 1035 (10th Cir. 2011).

Plaintiff's allegations defeat application of this narrow exception. He attempts to satisfy the reasonable expectation component of the inquiry by relying on alleged injuries that might be suffered by *any* transfer inmate. But as Tenth Circuit precedent makes clear, Plaintiff must demonstrate that he will be subject to the same wrongful conduct, not some other inmate.

Furthermore, the fact that in a period of twelve years, Plaintiff has twice passed through the FTC is insufficient to establish a reasonable expectation that he will again be subject to the exact harm about which he complains, i.e., application of an alleged policy at the FTC that requires an "updated list" before Plaintiff can receive meals that comply with his religious diet. *Compare Ind v. Colorado Dept. of Corrections*, 801 F.3d 1209 (10th Cir. 2015) (finding moot prisoner's challenge to state's enforcement of two-book policy while in administrative segregation as a violation of his rights under RLUIPA where prisoner was no longer in administrative segregation; court would not assume that prisoner would repeat misconduct that previously sent him to administrative segregation). Here, Plaintiff may not ever pass through the FTC again, the alleged policy at issue could change, or Plaintiff's religious tenets could change. *Compare Guion v. Spurlock*, No. 14-CV-00391-LTB-MEH, 2015 WL 394020 (D. Colo. Jan. 29, 2015) (unpublished op.) (mere theoretical possibility that prisoner would be transferred back to the prison was insufficient to give rise to application of the "capable-of-repetition" exception to the mootness doctrine). Given the speculative nature of any "capable-of-repetition" allegations, Plaintiff's claim for injunctive relief should be dismissed.

### C. RFRA Claim

As set forth, Plaintiff states only that he "may" bring a RFRA claim and does not provide any further detail with respect to such a claim, including the conduct supporting the claim and the individuals against whom such a claim is brought. The wholly conclusory nature of his RFRA claim requires its dismissal.

Additionally, "[t]he congressional waiver of sovereign immunity under RFRA is limited to RFRA claims seeking injunctive relief." *Deville v. Crowell*, No. 08-3076-SAC, 2011 WL 4526772 at *6 (D. Kan. Sept. 28, 2011) (unpublished op.); *accord Hale v. Federal Bureau of Prisons*, No. 14-CV-00245-MJW, 2015 WL 5719649 at *13 ("RFRA does not permit monetary relief against federal and state actors."). As discussed, any claim for injunctive relief is moot due to Plaintiff's transfer from the FTC.

Finally, the Second Amended Complaint does not allege facts against any individual defendant sufficient to plausibly demonstrate deliberate and personal participation in a substantial burden on Plaintiff's sincere exercise of religion. *See Ajaj v. Federal Bureau of Prisons*, No. 08-cv-02006-MSK-MJW, 2011 WL 902440 at *3 (D Colo. March 10, 2011) (unpublished op.) ("For purposes of Mr. Ajaj's *pleading* burdens, *Bivens* claims under the Free Exercise clause, claims under RLUIPA, and claims under the RFRA all impose the same requirements: Mr. Ajaj must allege facts showing that a particular action by a particular Defendant substantially burdened his sincerely-held religious beliefs.") (emphasis added; citations and internal quotations omitted); *see also Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1138 (10th Cir. 2013) (addressing substantial burden under RFRA) (*citing Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1315-16 (10th Cir. 2010)). Therefore, for substantially

the same reasons discussed in the context of Plaintiff's First Amendment claim, the RFRA claim should be dismissed for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is recommended that Plaintiff's Second Amended Complaint [Doc. No. 20] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state any claims upon which relief may be granted. It is further recommended that this dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by November 30, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 9th day of November, 2015.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE